ADAMS *v.* TACKETT, COUNTY JUDGE.

5-2934                                                365 S. W. 2d 125

Opinion delivered February 25, 1963.

*James H. Pilkinton,* for appellant.

*R. T. Boulware, H. L. Wilkinson, Royce Weisenberger, John W. Goodson, Rose, Meek, House, Barron, Nash & Williamson,* for appellee.

PAUL WARD, Associate Justice. In separate memorandum opinions (dated June 2 and July 25, 1962) the circuit court approved certain steps taken by the County

Judge and County Court of Lafayette County to procure and develop industry in said county under the provisions of Amendment No. 49 of the State Constitution. Appellants, as taxpayers, now prosecute this appeal for a reversal on grounds hereafter set out and discussed. Because of the limited issues raised it is not necessary to copy or fully abstract much of the testimony or the numerous exhibits contained in the record.

On March 7, 1962 appellee, the County Judge of Lafayette County, signed an order consisting of four pages, detailing a proposed bond issue in the amount of $210,000 under the provisions of Amendment No. 49 to the Constitution of Arkansas for the purpose of securing and developing industry within the county. The order calls for an election to be held April 10, 1962, sets forth the form of ballot to be used, and specifies four weeks notice in a newspaper—all in regular and approved form. The notice was given, the election was held, and the vote was 1,205 for and 888 against the bond issue.

On April 11, 1962 the county judge signed an order (four pages) directing that notice be given of the sale of $210,000 of bonds "for the purpose of aiding in securing and developing industry within Lafayette County" —to be held May 10, 1962. The procedural steps and the form and contents of the orders are not challenged.

Certain taxpayers took an appeal from the above mentioned orders to the circuit court, and other taxpayers asked the circuit court to review the orders on a petition for a writ of *certiorari*. Pending a hearing on the above, White and Company, Inc. (the company purporting to establish an upholstery business under a memorandum agreement with the county judge, dated February 26, 1962) filed an intervention, claiming it was interested in the pending litigation. To this pleading the taxpayers filed an answer and cross-complaint stating, among other things, that Amendment No. 49 requires a final contract before bonds can be legally issued. To the above cross-complaint White and Company, Inc. filed a demurrer which the trial court sustained.

Certified copies of the orders previously mentioned, together with other exhibits were filed in the circuit court, and testimony was introduced. Thereupon the trial court found all issues against the appellants (taxpayers), and this appeal follows.

Appellants make the following contentions: *One,* the two orders signed by the county judge are not valid; and, *Two,* the trial court erred in sustaining the demurrer filed by White and Company, Inc.

*One.* It is the contention of the taxpayers that the order dated March 7, 1962, calling the election, and the order dated April 11, 1962, directing notice of the bond sale, are invalid because the county court was not legally in session when the orders were entered. There is no merit in this contention, considering the applicable law and the facts of the case as shown by the record. Ark. Stats. § 22-115 reads:

"If any court shall not be held on the first day of the term, such court shall stand adjourned from day to day, until the evening of the third day."

Section 22-116 reads:

"If at that time the court shall not be opened such court shall stand adjourned until the next regular term, and all cases, civil, penal and criminal shall stand adjourned over until the next term of such court."

A reference to the Revised Statutes, Chapter 43, and Ark. Stats. § 22-101 leaves no doubt that the above quoted statutes deal with county courts.

There is ample testimony in the record to support the trial judge's finding that Judge Tackett (the County Judge) transacted county court business within the first three days of the January Term and the April Term, 1962. The county clerk testified the records showed court was held on January 3, 1962 and on April 2, 1962. Judge Tackett testified likewise, and the circuit court entered its finding in accord therewith. Appellants also point out there is no showing that the sheriff was present as required by Ark. Stats. § 22-614 or that court was held with open doors as required by Ark. Stats. § 22-608. In

our opinion the last section simply means the doors shall not be locked or that people shall not be prevented from attending court. There is nothing in the record to show either of these situations obtained in this case. We interpret the other section to mean the sheriff can be forced to attend a session of the county court, but not that he could prevent a session from being legally held merely by staying away. Any other interpretation would be most unreasonable.

*Two.* In the cross-complaint (to the intervention) filed by the taxpayers it was in substance alleged: The memorandum agreement dated February 26, 1962 was never approved by the county court, and is not legally binding on the county; The bond issue is not for the best interest of the county; Amendment No. 49 requires a final contract containing all details before any bonds are sold; and, no tax can be voted without the county court's approval.

In our opinion the trial court properly sustained the demurrer to the above cross-complaint. If, as alleged, the memorandum agreement is invalid, that is no legal defense to the procedure followed by the county judge for he was in no way relying on it. Under the provisions of Amendment No. 49, the people, by their votes, decide whether a project of this kind is or is not for their best interest. The trial court was correct in finding that Amendment No. 49 does not require a final contract before bonds can be issued. Insofar as the amendment requires, the contract can be (and perhaps should be) executed after the bonds are sold. It is only then that the parties are in a position to make definite commitments. Most of appellants' professed fears should be allayed by the language found in Section 5 of the amendment which insures that

". . . the County Court of the county shall exer cise jurisdiction over the sale or exchange of any such bonds voted by the electors at an election held for that purpose and shall expend economically the funds so provided."

As stated in the case of *Hackler* v. *Baker, County Judge,* 233 Ark. 690, 346 S. W. 2d 677, we see no reason why money derived from the sale of bonds in this case ". . . should not be subject to the same safeguards as any other revenues," under the general law. Any taxpayer of Lafayette County will have the same right to challenge any future order of the county court relative to this undertaking that he had to challenge the previous orders, or to challenge any order affecting his interest.

Finding no error, the judgment of the trial court is affirmed.

Affirmed.